IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SEAN ANTHONY ASHELMAN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 3:17-CV-2395 |
| | : | |
| JOHN RISSEL, *et al.*, | : | (Judge Brann) |
| | : | |
| Defendants. | : | |

**MEMORANDUM OPINION**

**DECEMBER 26, 2018**

## I.      BACKGROUND

Sean Anthony Ashelman initiated this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, while confined at the Snyder County Prison, Selinsgrove, Pennsylvania. Plaintiff subsequently notified the Court in writing that he had been transferred to the State Correctional Institution, Waymart, Pennsylvania (SCI-Waymart). *See* Doc. 6. Ashelman's action was initially assigned to the Honorable Richard P. Conaboy of this Court. Following Judge Conaboy's death, this matter was reassigned to the undersigned.

Named as Defendants are multiple Snyder County Prison officials. Following service of the Complaint, Defendants filed an answer. Thereafter, Plaintiff filed a motion to compel discovery (Doc. 21) which was opposed on the

grounds that Ashelman had not previously sought the materials at issue via a properly served discovery request.

On July 16, 2018, Plaintiff notified the Clerk of Court via telephone that he had been released from prison and provided his new address. A notice of the Order transferring this matter from my late colleague to me which was mailed to the Plaintiff at his last known address was returned as undeliverable. *See* Doc. 23.

## II. DISCUSSION

### A. Motion to Compel

It is initially noted that based on a review of Plaintiff's motion to compel it contains no indication that he served any Defendants with a discovery request. Ashelman has also not disputed Defendants' argument that they were not served with any discovery requests. Based upon those considerations, Ashelman's pending motion to compel discovery is premature and subject to dismissal on that basis.

### B. Lack of Current Address

A review of the docket reflects that a copy of this Court's Standing Practice Order was mailed to Plaintiff on December 27, 2017. *See* Doc. 4. The Standing Practice Order provides in relevant part as follows:

> A *pro se* plaintiff has the affirmative obligation to keep the court informed of his or her current address. If the plaintiff changes his or her address while the lawsuit is being litigated, the plaintiff shall immediately inform the court of the change, in writing. If the court is unable to communicate with the plaintiff because the plaintiff has failed to notify the court of his or her address the plaintiff will be deemed to have abandoned the lawsuit.

*Id.*, p. 6.

Middle District of Pennsylvania Local Rule 83.18 similarly provides that a *pro se* litigant has an affirmative obligation to keep the Court informed of his or her address and must immediately inform the Court if his or her address changes in the course of the litigation.

It is also noted that since Ashelman previously notified the Court when he was transferred to a different state correctional facility, and later when he was released from prison. Plaintiff was clearly aware of his responsibility to advise the Court of any change in his address. Although Ashelman has again apparently relocated, he has failed to provide this Court with his current address in violation of the requirements of Local Rule 83.18 and the Standing Practice Order noted above.

When a plaintiff fails to prosecute a case or comply with an order of court, dismissal of his action is appropriate. *See* Federal Rule of Civil Procedure 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629 (1962). Ashelman's present whereabouts are unknown and he has not made any filings whatsoever in this

matter since the submission of his motion to compel in May 2018. Ashelman's failure to provide his current address has prevented this matter from proceeding.

Based upon those circumstances, I conclude that Plaintiff is no longer interested in pursuing his pending claims. Accordingly, it would be a waste of judicial resources to allow this action to continue. The inability of this Court to communicate with Plaintiff is solely the result of his own inaction and renders ineffective any sanction short of dismissal of the action. *See Poulis v. State Farm*, 747 F. 2d 863 (3d Cir. 1984).

## III. CONCLUSION

In sum, dismissal of this action without prejudice for failure to prosecute is warranted. However, in the event that Ashelman provides this Court with his current address within a reasonable time period, this determination will be reconsidered. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge